# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HALTOM,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>           Defendant.<br>_____ | Case No.: 1:11-cv-01439-LJO-SMS<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT SANCTION ATTORNEY SENGTHIENE BOSAVANH (California Bar No. 249801)**<br><br>Date: January 29, 2013<br>Time: 11:00 a.m.<br>Courtroom 1 |
| ERIN HUDLETON,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>           Defendant.<br>_____ | Case No.: 1:11-cv-01646-LJO-SMS |
| MARLIN FORD,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>           Defendant.<br>_____ | Case No.: 1:12-cv-00153-LJO-SMS |

| | | |
|---|---|---|
| MICHELLE LINGENFELTER, | ) | Case No.: 1:12-cv-00047-LJO-SKO |
| Plaintiff, | ) | |
| v. | ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CINDI DEARMON, | ) | Case No.: 1:12-cv-00345-AWI-SKO |
| Plaintiff, | ) | |
| v. | ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ROSALINDA RANGEL, | ) | Case No.: 1:12-cv-00411-AWI-SMS |
| Plaintiff, | ) | |
| v. | ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | |

| | |
|---|---|
| DESIREE HODGENS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant.<br>_____ | Case No.: 1:12-cv-00471-LJO-SKO |
| DANIEL BUSTOS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>       Defendant.<br>_____ | Case No.: 1:12-cv-00725-AWI-SKO |

Federal law is clear on the issue of venue: a claimant aggrieved by the Commissioner's administrative decision must file suit in the judicial district in which he or she resides or has a principal place of business. 42 U.S.C. § 405(g). In December 2012, Court staff identified a case that Sengthiene Bosavanh, the attorney for the plaintiff in each of the above-captioned actions, had filed in the wrong judicial district. A quick review of some of Ms. Bosavanh's pending cases revealed multiple instances in which the plaintiff's residence had been inaccurately alleged, frequently resulting in her filing the case in the wrong district or division.

In each of the eight above-captioned cases,[1] the Court filed orders to show cause, returnable January 4, 2013, requesting that Ms. Bosavanh document in writing each plaintiff's residence. In each case, Ms. Bosavanh confirmed that the plaintiff's residence was outside the Fresno Division of the Eastern District of California and attributed the misstated residence to "clerical error," claiming that "the venue issue was not realized until now." On behalf of each plaintiff, she requested that the Court waive venue and issue a decision on the merits to avoid delay.

## Rule 11 Violations

Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court as pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after a inquiry reasonable under the circumstances . . . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery

F.R.Civ.P. 11(b)(3).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392 (1990). *See also Federal Rules of Civil Procedure*, 97 F.R.D. 165, 190 (1983). Under the rule, an attorney has a duty to conduct a reasonable inquiry and to determine that the papers that he or she signs and files in court "are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell*, 496 U.S. at 392. When a court examines a complaint to determine the propriety of sanctions under Rule 11, it must determine both (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) whether the attorney conducted a reasonable and competent inquiry before signing it.

---

[1] Two of the captioned cases, *Lingenfelter v. Astrue* (1:12-cv-00047) and *Hodges v. Astrue* (1:12-cv-00471), were transferred to the Northern District of California on January 8, 2013.

4

*Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). A complaint filed without the signing attorney's having made reasonable inquiry and the prescribed determinations is frivolous. *Id.* The Court may penalize a attorney who has breached his or her duties under Rule 11 by imposing "an appropriate sanction." *Cooter & Gell*, 496 U.S. at 392. When, on its own motion, a Court finds a breach of Rule 11, it may impose sanctions sufficient to deter repetition of the conduct, including nonmonetary directives, penalties payable to the Court, or both. F.R.Civ.P. 11(c)(4).

The Court has conducted a exhaustive review of the 234 cases filed in the Fresno Division in which Ms. Bosavanh has represented plaintiffs seeking review of the Commissioner's denials of their applications for disability benefits. Ms. Bosavanh was listed as the plaintiff's attorney at the time of filing of 184 of these cases.[2] Of the 138 cases in which the Court was able to determine the plaintiff's residence at the time of filing, the plaintiff's county of residence was wrongly alleged 91 times. Put another way, in approximately 66 per cent of the social security disability appeals cases she filed, Ms. Bosavanh alleged that the plaintiff lived in a county other than his or her factual county of residence. Eighteen of these cases (approximately 13 per cent) would have been venued elsewhere than the Fresno Division had Ms. Bosavanh accurately alleged the plaintiff's residence.

Ms. Bosavanh's method of completing the civil court statement, to which her complaints refer for allegation of the plaintiff's residence, changed in late 2009. Only three cases filed in this division by Ms. Bosavanh since January 2010 alleged that plaintiff resided in a county other than Fresno. Since August 2010, when Ms. Bosavanh changed the *pro forma* complaint[3] that she

///

---

[2] The remaining cases were filed by other attorneys associated with the Law Firm of Jeffrey Milam.

[3] Since August 2010, for each case, Ms. Bosavanh submitted a word-processed complaint identical to the complaints submitted in all other cases except for the plaintiff's name in the caption, and the dates of the administrative decision, appeals council determination, and a signature date in the body of the complaint. Prior to August 2010, Ms. Bosavanh used a different *pro forma* complaint, again identical in all of her cases, but which required the repeated insertion of the plaintiff's name in multiple locations throughout the body of the complaint and the inclusion of additional dates. Neither complaint specifically alleged the plaintiff's residence: the second form explicitly referred the reader to the civil case statement.

5

submitted in every case, she has filed no case in this division alleging that a plaintiff resided in a county other than Fresno County.

Of the 122 cases filed by Ms. Bosavanh since January 2010 for which the Plaintiff's residence can be determined, 85 complaints (approximately 70 per cent) allege the plaintiff's residence incorrectly, including thirteen cases (approximately eleven per cent) that would properly have been filed in the Sacramento division and three cases (approximately 2.5 per cent) that would properly have been filed in the Northern District of California.  Statistics such as these suggest that Ms. Bosavanh has consistently failed to make a reasonable and competent inquiry regarding the facts of the cases she has filed in this Court.

### Violations of California Rules of Professional Conduct

"No attorney admitted to practice before this Court shall engage in any conduct that degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice."  Local R. 180(e).  Any attorney admitted to practice before this Court is expected to be familiar with the Rules of Professional Conduct of the State Bar of California.  *Id.*  A member of the California bar "shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence."  *California Rules of Professional Conduct*, Rule 3-110 (A).  Competence in legal service requires "the 1) diligence, 2) learning and skill, and 3) mental, emotional, and physical ability reasonably necessary for the performance of [the] service."  *California Rules of Professional Conduct*, Rule 3-110 (B).  Ms. Bosavanh's repeated failure to accurately identify her client's residence, to truthfully allege that residence in the complaints, and to file each action in the district or division in which it is properly venued bespeaks the absence of the diligence, learning, and skill necessary to competently represent individuals appealing the Commissioner's denial of disability benefits.

Reviewing Ms. Bosavanh's cases revealed additional evidence of incompetence:  25 cases dismissed by the plaintiff or the Court for plaintiff's failure to timely file plaintiff's opening brief, three cases dismissed for untimely filing, a case in which Ms. Bosavanh was

reprimanded for bringing a complaint in the name of a deceased plaintiff, and four cases in which the plaintiff failed to timely serve the Commissioner.

**ORDER TO SHOW CAUSE**

The Court HEREBY ORDERS attorney Sengthiene Bosavanh to appear in person at a hearing set for 11:00 a.m., January 29, 2013, before the Honorable Sandra M. Snyder, United States Magistrate Judge, prepared to show cause (1) why she should not be sanctioned pursuant to F.R.Civ.P. 11, Local R. 180, and Rule 3-110 (A) of the California Rules of Professional Conduct, (2) why monetary or nonmonetary directive sanctions should not be ordered, (3) why her privilege to practice before this Court should not be suspended, and (4) why this Court should not report its imposition of sanctions against Sengthiene Bosavanh to the California State Bar.

DATED: 1/14/2013                    /s/ SANDRA M. SNYDER
                                    UNITED STATES MAGISTRATE JUDGE